**In re Guardianship of S.C.**
**(Washington County Mental Health**
**Services, Inc. and Charles Boothe,**
**Appellants)**

[768 A.2d 1290]

No. 00-014

February 26, 2001. Appellants Washington County Mental Health Services (WCMH) and Charles Boothe sought to appoint a guardian under 14 V.S.A. § 3063 to care for S.C., an allegedly mentally disabled adult. As S.C.'s case manager, Mr. Boothe believed S.C. to be unable to make choices about her health needs, and "at risk of serious physical harm." Pursuant to the statute, S.C. was evaluated by a licensed psychologist whose report to the probate court included information obtained from S.C.'s medical records, and from interviews with S.C. and Mr. Boothe. S.C. did not sign a release permitting access to her medical information, and the probate court excluded significant portions of the evaluation as privileged under V.R.E. 503. On appeal, appellants claim that S.C.'s patient privilege does not extend to guardianship proceedings, nor to mental health evaluations conducted pursuant to 14 V.S.A. § 3067. Appellants also claim that the probate court erred in its blanket exclusion of Mr. Boothe's testimony, asserting that not all relevant portions fall within the privilege.

We decline to consider appellants' claims, as prior to argument before this Court, S.C. did in fact sign a release, waiving her privilege and permitting access to her medical records. As applied to S.C., therefore, these issues are moot. See *In re N.H.*, 168 Vt. 508, 511, 724 A.2d 467, 469 (1998) (appeal becomes moot when issues presented are no longer "live" or parties lack cognizable interest in outcome). We note that to the extent that the applicability and scope of a patient's privilege in the context of involuntary guardianship proceedings remain unresolved, such evidentiary issues are appropriate for consideration by Vermont's Advisory Committee on Rules of Evidence.

*Appeal dismissed as moot.*